Filed 4/18/23  H.C. v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| H.C.,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>---<br><br>SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>    Real Party in Interest. | D081593<br><br>(Super. Ct. No. NJ15831) |

ORIGINAL PROCEEDINGS in mandate after reference to a Welfare and Institutions Code section 366.26[1] hearing.  Michael Imhoff,

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

Commissioner. Petition granted, matter remanded with directions; request for stay denied.

Law Office of Lorraine Arrollado, Cameron Edwards, and Lorraine Arrollado, for Petitioner.

No appearance for Respondent.

Claudia G. Silva, County Counsel, Kristen M. Ojeil, Senior Deputy County Counsel, for Real Party in Interest.

H.C. (Mother) petitions for extraordinary relief pursuant to California Rules of Court, rule 8.452. She challenges the juvenile court's orders issued at a contested section 388 hearing terminating her reunification services as to her minor child, A.C., and setting a section 366.26 hearing. She contends the juvenile court failed to make the requisite finding regarding reasonable services under section 388, subdivision (c)(3), before ordering the termination of her reunification services. The San Diego County Health and Human Services Agency (the Agency) concedes that the juvenile court failed to make the required statutory finding and that the error is not harmless. We reverse the juvenile court's orders and remand the matter for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and A.C. both tested positive for amphetamines at the time of A.C.'s birth. An Agency social worker attempted to speak with Mother at the hospital, but Mother refused to respond to the social worker's questions. Hospital staff reported that Mother had been in and out of the behavioral health unit and was diagnosed with depression and substance abuse. The maternal grandmother reported that Mother had been using methamphetamines and alcohol for approximately three years and was currently unsheltered. Mother was discharged from the hospital on May 13,

2

2022. She left an address with the hospital social worker but the Agency was unable to contact her at that address.

The Agency filed a juvenile dependency petition on behalf of A.C. on May 17, 2022. Mother's whereabouts were unknown, and the Agency had not been able to identify A.C.'s father. The juvenile court made an initial prima facie finding on the petition, and, on June 9, 2022, the court made true findings and took jurisdiction over A.C. pursuant to section 300, subdivision (b).

Mother was arrested on June 18, 2022. An Agency social worker attempted to reach Mother in jail but did not receive any response. Mother was released 10 days later, on June 28. At a hearing on June 30, minor's counsel asked the juvenile court to provide reunification services to Mother. The court noted that Mother had not yet been located, but ordered the Agency to continue its efforts and to provide services in the event that Mother was located. In the associated written orders, the court ordered the Agency to provide services to Mother consistent with her case plan. The Agency continued to try to contact Mother over the next several months, without success.

On October 17, 2022, A.C. was placed in the care of the maternal grandmother. On October 20, the maternal grandmother reported that Mother had called her from prison. The Agency was able to locate Mother in prison and an Agency social worker spoke with her on October 21. Mother requested reunification services and representation, but also said she would like A.C. to be placed with the maternal grandmother if reunification was not possible. The Agency noted that Mother's release date was set at July 15, 2023.

3

On November 15, 2022, the Agency filed a JV-180 request asking the juvenile court to terminate Mother's reunification services. The Agency noted that Mother would be incarcerated past the 12-month court date currently set for June 2023 and asked the court to bypass reunification services for Mother based on the length of Mother's incarceration and the child's young age. The Agency also noted that Mother had not been involved in the case up to that point, and asserted her inaction created a substantial likelihood that reunification would not occur. In a related addendum report, the Agency asked the court to terminate Mother's services and set a section 366.26 permanency hearing. Mother received appointed counsel and, on November 30, Mother requested in person visits at the prison.

The juvenile court found the Agency had carried its prima facia burden on the section 388 motion and set an evidentiary hearing for January 27, 2023, with the six month review hearing to trail. At the hearing on January 27, the juvenile court found, by a preponderance of the evidence, that the Agency had met its burden to prove there had been a change in circumstances and that it would be in A.C.'s best interest to grant the Agency's request. The court then found by clear and convincing evidence that it would be detrimental to provide reunification services for Mother, and therefore ordered that her services be terminated. The court set a section 366.26 hearing for May 25, 2023.

Mother timely filed a notice of intent to file a writ petition.

## DISCUSSION

Mother's sole contention in her writ petition is that the juvenile court failed to make a finding that she received reasonable reunification services before terminating those services, as required by section 388, subdivision

4

(c)(3). The Agency concedes the trial court erred by failing to make the requisite finding, and that the error was not harmless. We agree.

Typically, the law requires that the juvenile court order family reunification services for the mother, or father, of a child that has been removed from their custody and placed under the court's jurisdiction. (§ 361.5, subd. (a).) When reunification services are provided, they are subject to statutory time limitations. For a child, like A.C., that is under the age of three, the law requires that reunification services be provided for a period of six months from the dispositional hearing but no longer than 12 months from the date the child entered foster care. (§ 361.5, subd. (a)(1)(B), (C).) However, there are some exceptions. As relevant here, the juvenile court is not required to order reunification services for a parent who is incarcerated if the court concludes that providing services would be detrimental to the child. (§ 361.5, subd. (e).)

Where, as here, the Agency files a section 388 motion to terminate reunification services prior to the six-month review hearing for a child under the age of three, section 388, subdivision (c), applies and requires that the court first make a finding that reasonable services have been offered or provided. (§ 361.5, subd. (a)(2); § 388, subd. (c)(3); *In re J.P.* (2014) 229 Cal.App.4th 108, 122 ["Any motion to terminate court-ordered reunification services . . . prior to the six-month review hearing for a child who is under three years of age or who is a member of a qualified sibling group, shall be made pursuant to section 388, subdivision (c)"].) But, here, it appears that the juvenile court made findings under section 388, subdivision (a), rather than section 388, subdivision (c). As a result, the juvenile court did not make the requisite finding regarding reasonable services. (*In re J.P., supra,* at p. 125 ["[T]he plain language of section 388, subdivision (c) requires the juvenile

5

court to make a reasonable services finding before it may terminate reunification services to a parent."].)

As the Agency concedes, this was error. The juvenile court had an obligation to order services for Mother once located and, once ordered, the court had an obligation to ensure those services were reasonable before terminating them. (§361.5, subds. (a)(1), (a)(2), (d).) Notably, in its motion, the Agency expressly asked the court to terminate Mother's reunification services after finding that reasonable services had been offered or provided and that the conditions in section 388, subdivision (c)(1)(A) or (B) existed. Further, because the juvenile court has the opportunity to address the error prior to the section 366.26 hearing, it is reasonable and appropriate to remand the matter to allow the court the opportunity to do so, as both Mother and the Agency request. (See § 366.26, subd. (c)(2)(A) ["The court shall not terminate parental rights if: [¶] (A) At each hearing at which the court was required to consider reasonable efforts or services, the court has found that reasonable efforts were not made or that reasonable services were not offered or provided."]; *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 256 ["the precise and demanding substantive and procedural requirements" of section 366.26 protect the due process rights of parents]). If, after making the requisite statutory findings, the juvenile court proceeds to terminate Mother's reunification services, it may set a new section 366.26 hearing forthwith.

## DISPOSITION

Let a peremptory writ of mandate issue directing the juvenile court to vacate its January 27, 2023, orders and conduct further proceedings consistent with this opinion. The request for a stay is denied. This opinion

6

shall become final immediately upon filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)

HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


BUCHANAN, J.